IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KAREN M. DAVIS | § | PLAINTIFF |
| | § | |
| v. | § Civil No. 1:17cv172-HSO-JCG | |
| | § | |
| THE BANK OF NEW YORK MELLON | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S [5] MOTION TO REMAND**

BEFORE THE COURT is the Motion to Remand [5] filed by Plaintiff Karen M. Davis. This Motion is fully briefed. Having considered the Motion, the record, and relevant legal authority, the Court finds that it lacks subject-matter jurisdiction, that Plaintiff's Motion to Remand [5] should be granted, and that this case should be remanded to the Chancery Court of George County, Mississippi. Plaintiff's request for reasonable attorney's fees will be denied.

I. BACKGROUND

A. Factual background

On June 20, 2002, Troy and Sandra Howell (the "Howells") executed a Deed of Trust which was secured by what appears to be two parcels of real property located on Lyman Havard Lane in Lucedale, George County, Mississippi (the "Howell Property"). *See* Deed of Trust [1-2] at 14-25. The Deed of Trust was subsequently assigned to Defendant The Bank of New York Mellon, f/k/a The Bank

of New York as successor in interest to JPMorgan Chase Bank, N.A. as Trustee for NovaStar Mortgage Funding Trust, Series 2002-3 NovaStar Home Equity Loan Asset-Backed Certificates, Series 2002-3 ("Defendant" or "BONY"). *See* Substituted Trustee's Deed [1-2] at 9.

After the Howells purportedly defaulted on the terms of the Deed of Trust, on December 8, 2016, the Substituted Trustee offered the Howell Property for sale, and Defendant was the highest bidder. *Id.* at 10. On December 20, 2016, the Substituted Trustee executed a Substituted Trustee's Deed and conveyed the Howell Property to Defendant, and the Substituted Trustee's Deed was filed in the George County, Mississippi, property records on December 27, 2016. *Id.* The Substituted Trustee's Deed noted that Roy Davis, Jr. had acquired an interest in a portion of the Howell Property by a Quit-Claim Deed dated June 6, 2016. *Id.* at 9.

Earlier, on March 30, 2016, Roy Davis, Jr. ("Mr. Davis"), executed a Quit-Claim Deed which purported to convey to Plaintiff Karen M. Davis ("Plaintiff" or "Davis") a parcel of real property also located in George County, Mississippi (the "Davis Property"). The Quit-Claim Deed was filed in the George County property records the same date. Compl. [1-1] at 1; *see also* Quit-Claim Deed [1-2] at 6-8. The legal description of the Davis Property in the Quit-Claim Deed differs from the descriptions of the two parcels in the Deed of Trust and Substituted Trustee's Deed. *Compare* Quit-Claim Deed [1-2] at 8, *with* Substituted Trustee's Deed [1-2] at 12. It is unclear from the record to what extent the Davis Property and the Howell

Property may overlap, if at all.[1]

According to the Complaint, eviction notices have been placed on Plaintiff Karen M. Davis's home located on Highway 26 in Lucedale, Mississippi. Compl. [1-2] at 2. Plaintiff asserts that she "has been called on the telephone by the Defendant . . . and/or their agents, employees, or Co-Defendants, to threaten Plaintiff with trespass, to threaten to physically remove her from her home, all for no legal reason or justification," and that as a result, Plaintiff has been unable to enter her home since December 2016. *Id.* Plaintiff claims that she has informed Defendant and its agents and employees that she is the owner of the Property and is not indebted to Defendant, but that Defendant and its agents and employees "have continued to threaten the Plaintiff with arrest, prosecution, and the threat of criminal prosecution." *Id.*

B.  Procedural history

On May 18, 2017, Plaintiff filed a Complaint for Damages, for Wrongful Eviction, and for Temporary Restraining Order [1-2] in the Chancery Court of George County, Mississippi, naming BONY as the sole Defendant. Compl. [1-2] at 1. Plaintiff appeared to assert a wrongful eviction claim and sought a temporary restraining order to enjoin Defendant from evicting her from her home and "stop the threatened eviction and arrest of Plaintiff . . . ." *Id.* at 3. Plaintiff stated that she "wonders if applicable RESPA [Real Estate Settlement Procedures Act, 12

---

[1] According to the March 30, 2016, Quit-Claim Deed executed by Mr. Davis, "[t]he prior Grantor, Troy Howell, who reserved a life estate in the above described property is deceased." Quit-Claim Deed [102] at 6.

U.S.C. § 2601, *et seq*.] rules were followed" and reserved "the right to conduct discovery and amend her complaint after exploring this point." *Id*. The Complaint requested

> reasonable damages and compensation for the threats, for preventing Plaintiff from being allowed access into her home, for posting Notice of Eviction notices on her home, for embarrassment to her family, friends and the community . . . in the amount of $50,000.00 in addition to her attorney fees and all costs of this matter.

*Id*. at 4.

On June 8, 2017, Defendant removed the case to this Court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to 28 U.S.C. § 1331. Notice of Removal [1] at 2-3. On June 19, 2017, Plaintiff filed the present Motion to Remand [5], contending that the amount in controversy requirement of § 1332 is not satisfied. Pl.'s Mot. [5] at 1-3. Defendant responds that, in light of the injunctive relief and attorney's fees sought in the Complaint, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Def.'s Resp. [6] at 2-4.

## II. DISCUSSION

A.  Defendant has not shown that diversity jurisdiction exists.

   1.  Relevant Legal Standards

"The burden is on the removing party to show that removal is proper." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000."

-4-

*Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). "Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Vantage Drilling Co.*, 741 F.3d at 537 (quotation omitted).

    28 U.S.C. § 1332(a)(1) provides that

> [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1)    citizens of different States . . . .

28 U.S.C. § 1332(a)(1). The parties do not dispute that they are of diverse citizenship; the pertinent question is whether the amount in controversy is satisfied.

    28 U.S.C. § 1446(c)(2) provides that

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
> (A)    the notice of removal may assert the amount in controversy if the initial pleading seeks--
>     (i)    nonmonetary relief; or
>     (ii)    a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> (B)    removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

    In interpreting § 1446(c)(2), the United States Supreme Court has held that if a defendant's amount-in-controversy allegation is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the

amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Statin v. Deutsche Bank Nat. Trust Co.*, 599 F. App'x 545, 547-48 (5th Cir. 2014) (remanding case for limited purpose of receiving relevant evidence from both sides and determining whether amount in controversy exceeds $75,000.00 after plaintiff challenged the amount in controversy for the first time on appeal).

In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation, which is the right to be protected or the extent of the injury to be prevented. *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013). When the claimed injury is the potential loss of use and ownership of property, such as in actions enjoining a lender from transferring property and preserving an individual's ownership interest, the property itself is the object of the litigation, and its value represents the amount in controversy. *Id.*

A request for attorney's fees, however, may only be included in the amount in controversy determination if such is allowed by applicable state law. *See, e.g., Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002) ("attorney's fees are includable [in calculating the amount in controversy] when the state statute allowing cost shifting expressly defines the allowable expenses of litigation to include attorney's fees, especially when the plaintiffs expressly pray for recovery of costs"); *Boissier v. Katsur*, 676 F. App'x 260, 262 (5th Cir. 2017), *reh'g denied* (Mar. 15, 2017) (holding that, even though the plaintiff sought attorney's fees in his

complaint, attorney's fees were not permitted under Louisiana law and could not be included in the amount of controversy determination); *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 320 (5th Cir. 2012) (holding that claim for attorney's fees is not sufficient for inclusion in computation required for amount in controversy because they "are included in computation of the jurisdictional amount only when they are expressly authorized under applicable state law").

    2.    <u>Defendant has not demonstrated that the amount in controversy is satisfied.</u>

As an initial matter, Defendant states in its Notice of Removal [1] that the value of the land and improvements at the address in question is $64,080.00, relying upon "Property Detail for Tax Year 2016 for 15187 Hwy 26, Lucedale, MS 39452, attached hereto as **Exhibit C**." Notice of Removal [1] at 3 (emphasis in original). However, no Exhibit "C," nor any "Property Detail" exhibit for that matter, is attached to the Notice of Removal. Nor is this purported exhibit contained in the state-court record [4] that was filed in this case. In other words, there is no evidence in the record before the Court reflecting the value of the Davis Property, nor is its value facially apparent from Plaintiff's Complaint. Defendant has not carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy is satisfied based upon the value of the property.

Turning to the subject of attorney's fees, Defendant does not argue that Plaintiff's request for attorney's fees in her Complaint is permitted under Mississippi law. *See* Def.'s Resp. [6] at 3. Defendant has not cited any case law

demonstrating that attorney's fees are recoverable under Mississippi law in a case such as this one. *Contra Cent. Bank of Mississippi v. Butler*, 517 So. 2d 507, 512 (Miss. 1987) ("Regarding attorneys' fees, this Court has held that in the absence of contractual provisions or statutory authority, attorneys' fees may not be awarded as damages in a case unless punitive damages are also proper.").

Instead, Defendant argues that "although Plaintiff in her Complaint does not specifically identify the state law causes of action she brings, they are presumably ones that would authorize attorney's fees, as she explicitly requests such attorney's fees," such that "attorney's fees should therefore be included in the amount in controversy calculation." Def.'s Resp. [6] at 3. Based upon the Fifth Circuit case law previously cited, a request for attorney's fees in a complaint is not by itself sufficient to justify including attorney's fees in the amount-in-controversy calculation where attorney's fees are not permitted under applicable law. *See Grant*, 309 F.3d at 874; *Boissier*, 676 F. App'x at 262; *Celestine*, 467 F. App'x at 320.

The Notice of Removal [1] cites *Lee v. Safeco Ins. Co. of Illinois*, No. 3:12-CV-490-WHB-LRA, 2012 WL 12882890 (S.D. Miss. Oct. 5, 2012), for the proposition that "[i]n cases where attorneys' fees are requested, those fees 'are also to be included when calculating the amount in controversy.'" Notice of Removal [1] at 2 (quoting *Lee*, 2012 WL 12882890, at *3). *Lee* is distinguishable, as it included the attorney's fee request in the calculation of the amount in controversy because such fees "are permitted under Mississippi law in cases in which a plaintiff has alleged a claim for punitive damages." *Id.* at *2. In this case, Plaintiff has not

made a claim for punitive damages. Nor has Defendant cited any authority indicating that attorney's fees are recoverable under Mississippi law in this particular case.

In sum, it is not facially apparent from the record that the amount in controversy exceeds $75,000.00. Defendant has not presented sufficient evidence from which the Court could conclude by a preponderance of the evidence that the amount in controversy is satisfied. Defendant has not met its burden of demonstrating diversity jurisdiction exists.

B. <u>Defendant has not demonstrated the existence of federal question jurisdiction.</u>

The United States Court of Appeals for the Fifth Circuit has held that

> "[u]nder the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011); *see also* 28 U.S.C. § 1331. A federal question, however, may arise from a state law claim where "(1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001) (footnote omitted). Still, "there is no federal question jurisdiction if the plaintiff properly pleads only a state law cause of action." *Elam*, 635 F.3d at 803 (citations, quotations, and alterations omitted). Further, "[a] plaintiff is the master of his complaint and may allege only state law causes of action, even when federal remedies might also exist." *Id.*

*Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 535 (5th Cir. 2017).

While Plaintiff's Complaint contains a passing reference to RESPA, it is clear from that pleading that Plaintiff is not asserting a RESPA claim at this time. *See*

-9-

Compl. [1-1] at 3 ("she wonders if applicable RESPA rules were followed" and "reserves the right to conduct discovery and amend her complaint after exploring this point"). Instead, the Complaint appears to assert only state-law claims.

Morever, the Complaint makes clear that the mortgage transaction is not the subject of her claims, as Plaintiff disavows that she had entered into a loan with Defendant "or any other company that placed her in foreclosure." Compl. [1-2] at 2. Nor is there any indication from the record that Defendant was Plaintiff's loan servicer. Based upon the factual allegations contained in the Complaint, it is unclear how Plaintiff would have statutory standing to assert a RESPA claim against Defendant. The face of the Complaint does not set forth a federal claim, and Defendant has not shown that federal question jurisdiction exists.

C.  Plaintiff's request for reasonable attorney's fees will be denied.

Plaintiff seeks an award of reasonable attorney's fees pursuant to 28 U.S.C. § 1447(c). Pl's Mot. [5] at 2. The Court finds that Plaintiff's request is not well taken and should be denied.

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Fifth Circuit has held that "§ 1447(c) fee awards are cost recoupments, hence punitive in policy only," and should only be awarded if the removing party lacks an objectively reasonable basis for removal. *American Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005); *Howard v. St.*

*Germain*, 599 F.3d 455, 457 (5th Cir. 2010)). In determining whether attorney's fees should be awarded, a district court does not consider the motive of the removing defendant, but must evaluate "the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

Having considered the record as a whole, the Court finds that Defendant did not lack an objectively reasonable basis for removing the case. Plaintiff is therefore not entitled to an award of attorney's fees under § 1447(c), and this request will be denied. *See American Airlines*, 694 F.3d at 542; *Valdes*, 199 F.3d at 292-93.

III. CONCLUSION

For the foregoing reasons, the Court lacks subject-matter jurisdiction. Plaintiff's Motion to Remand will be granted, and this matter will be remanded to the Chancery Court of George County, Mississippi. Plaintiff's request for reasonable attorney's fees will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion to Remand [5] is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that this civil action is remanded to the Chancery Court of George County, Mississippi, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Plaintiff's request for reasonable attorney's fees under 28 U.S.C. § 1447(c) is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 27th day of September, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE